[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16341
Non-Argument Calendar

_____

D.C. Docket No. 0:12-cr-60073-WJZ-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

EVANS JOSEPH,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 16, 2013)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Evans Joseph appeals his 198-month sentence imposed after pleading guilty

to possession with intent to distribute crack and powder cocaine, in violation of 21

U.S.C. § 841(a); and possession of a firearm by a convicted felon and in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. §§ 922(g)(1) and 924(c).  He asserts his sentence is both procedurally and substantively unreasonable.  After thorough review, we affirm.

We review the reasonableness of a sentence for an abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  The party challenging the sentence bears the burden of demonstrating its unreasonableness.  *United States v. Bane*, 720 F.3d 818, 824 (11th Cir. 2013).

Joseph argues that his sentence is procedurally unreasonable because the district court did not consider the sentencing factors set forth in 18 U.S.C. § 3553(a) or explain its sentence.  We disagree.  The district court stated that it had "considered all of the statutory factors" and that its sentence "reflects the seriousness of the offense," "promotes respect for the law," "deters future criminal conduct," and "protects the public from future crimes."  *See* 18 U.S.C. § 3553(a)(2)(A)-(C); *see also United States v. Flores*, 572 F.3d 1254, 1271 (11th Cir. 2009) (noting that the district court need not discuss every statutory factor).  And the district court explained that Joseph's 198-month sentence, a 64-month downward variance from the bottom of his advisory guidelines range, was warranted because Joseph "ha[d] drugs in a room full of children and he ha[d] a weapon."  As we explained in *Flores*, "[a] lengthy discussion is not required in the

typical case, so long as the district court sets forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Id.* at 1270-71 (alteration and internal quotation marks omitted). The district court's discussion of Joseph's culpability and the § 3553(a) factors was sufficient in this case. Accordingly, Joseph has not demonstrated his sentence is procedurally unreasonable.

Joseph likewise cannot show that his sentence is substantively unreasonable. He asserts that his sentence is unreasonable because his case involved a small amount of drugs, the firearm he possessed was unloaded, and his advisory guidelines range overrepresented his conduct. But the district court concluded that, although these arguments supported a downward variance, Joseph's extensive criminal history, possession of a firearm, and criminal conduct in the presence of children required a 198-month sentence. We cannot say that conclusion was an abuse of discretion. *See United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) ("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." (alterations and internal quotation marks omitted)); *see also United States v. Bohannon*, 476 F.3d 1246, 1254 (11th Cir. 2007) (noting that the fact that a sentence is well below the statutory maximum supports a finding that it is reasonable).

**AFFIRMED.**